UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

    -against-                                          1:07-CR-180
                                                                   (LEK)

RAFAEL PABON,

                Defendant.

## **ORDER**

Before this Court is an omnibus Motion, filed by Rafael Pabon ("Defendant") on July 2, 2008, seeking to compel the government to comply with discovery requests, including production of Brady materials and disclosure of prior bad acts, to strike references to Defendant's prior convictions from the indictment, and to suppress statements made by him to police officers. Omnibus Motion (Dkt. No. 19). Also before the Court is a supplemental Motion, filed by Defendant on August 1, 2008, seeking to suppress evidence seized from Defendant's person pursuant to his arrest on January 19, 2007. Supplemental Motion (Dkt. No. 22).

**I.**    **Background**

Defendant is charged in a one count indictment with, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, knowingly and intentionally possessing in and affecting interstate commerce a firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2). Indictment (Dkt. No. 1). Defendant was arraigned before U.S. Magistrate Judge David R. Homer on April 20, 2007.

1

II.     **Discussion**

    A.     **Discovery**

Defendant seeks to compel the Government to comply with his discovery requests pursuant to Rule 16 of the Federal Rules of Criminal Procedure, including, *inter alia*, the requirement, under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), that the Government disclose to the Defendant any evidence favorable to the Defendant on the issues of guilt or punishment, including the possible presence of any agreements of any kind involving the informant in the case.  Omnibus Motion at 1-2 (Dkt. No. 19).  The Government, in response, indicates that it aware of its obligations, and has complied and will continue to comply with its discovery obligations, including its <u>Brady</u> obligations.  Gov't. Mem. at 4 (Dkt. No. 21).  The Government also notes that it is not presently aware of any <u>Brady</u> evidence which has not been disclosed to the defense.  <u>Id.</u>

Based on the Government's representation that it is aware of its obligations under <u>Brady</u> and its progeny, and that it will continue to provide such information to the Defendant in a timely fashion, this Court will not issue an order compelling the production of such materials at this time.  <u>See</u>, e.g., <u>United States v. Gallo</u>, 1999 WL 9848, at *7 (S.D.N.Y. January 6, 1999); <u>United States v. Perez</u>, 940 F.Supp. 540, 543 (S.D.N.Y.1996).  In addition, the Court notes that Defendant reserves the right to make additional discovery motions as necessary if additional discovery material is discovered.

    B.     **"Bad acts" evidence**

Defendant seeks to have the Government disclose to the defense any alleged criminal,

bad, or immoral acts, conduct, or offenses attributable to Defendant.  Defendant also seeks to suppress the use of any such evidence pursuant to Rules 404(b) and 609(a) of the Federal Rules of Evidence, or in the alternative, to have the Court hold a hearing to determine the admissibility of that evidence at a trial against him.  Omnibus Motion at 2 (Dkt. No. 19).  The motion to suppress the "bad acts" evidence is premature at this time.

With respect to the production of "bad acts" evidence, or so called 404(b) evidence, Rule 404(b) itself only requires that the Government provide "reasonable notice in advance of trial" for the admission of prior convictions and bad acts as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  The rule establishes no minimum time, however, because "the evidence the government wishes to offer may well change as the proof and possible defenses crystallize."  United States v. Matos-Peralta, 691 F.Supp. 780, 791 (S.D.N.Y. 1988).  The Second Circuit has thus even held that disclosure of less than 10 days advance notice can still be reasonable under Rule 404(b).  See, e.g., United States v. Valenti, 60 F.3d 941, 945 (2d Cir. 1995).  The Government has acknowledged its obligations under Rule 404(b), and indicated that it will timely notify the Defendant of any 404(b) evidence it might seek to introduce.  Gov't Mem. at 5.  There is therefore no need for the Court to issue the order that Defendant seeks.  See United States v. Ramirez, No. 91 Cr. 493(KMW), 1991 U.S. Dist. LEXIS 12183, *4 (S.D.N.Y. Aug. 30, 1991) ("the Government has represented that it will provide timely notice of any intent to introduce [404(b) ] evidence so that there is no need to issue the order defendant seeks").

    **C.**    **Statements made to law enforcement**

Defendant seeks an Order precluding the Government from offering into evidence any statements attributed to the Defendant by law enforcement officers and/or their agents or asks that a hearing to be held relative to the admissibility of those statements on the grounds that the statements were involuntarily made and obtained in violation of his constitutional rights. Omnibus Motion at 2-3 (Dkt. No. 19).

A defendant is not entitled to an evidentiary hearing unless he or she can show that there is a contested issue of material fact with respect to the issue for which the hearing is requested. See United States v. Pena, 961 F.2d 333, 339 (2d Cir.1992). "An evidentiary hearing need not be granted as a matter of course and generally will be held only if the moving papers allege facts with sufficient definiteness, clarity and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." United States v. Cady, 1996 WL 650662, at *9 (N.D.N.Y. Nov. 5, 1996) (McAvoy, C.J.) (quoting United States v. Carrion, 463 F.2d 704, 706 (9th Cir. 1972)).

By affidavit attached to the Omnibus motion, Defendant contends that the statements in question were made either while the Defendant was in custody and subject to interrogation prior to Miranda warnings being given, or that they were made in response to interrogation following the Miranda warnings being given and after Defendant had invoked his right to remain silent. Aff. of George E. Baird at 3 (Dkt. No. 19, Att. 1) ("Baird Aff."). The submitted affirmation thus presents material factual inconsistencies with the Government's allegations that Defendant was read his Miranda warnings and made a knowing, willing, and intelligent waiver of those rights before making the statements in question. Compare Baird Aff. at 3 with Govt's Mem. at 6.

Indeed, the Government consents to a hearing in this matter in order to resolve the factual disputes. Accordingly, a pretrial hearing will be held to determine these issues.

### D. Prior convictions

The Defendant also seeks an Order directing that language in the Indictment referring to Defendant's specific prior convictions be stricken from the Indictment. See Indictment (Dkt. No. 1) (noting that Defendant has two prior felony narcotics convictions). Defendant anticipates that he will stipulate at trial to having been previously convicted of crimes punishable by imprisonment for a term exceeding one year in the hopes of avoiding having the Government introduce evidence of Defendant's specific prior convictions at trial. The Government agrees, "at the appropriate time, to enter into a mutually acceptable stipulation with the Defendant wherein the trial jury is not informed of the specific nature of the Defendant's prior convictions . . ." Gov't Mem. at 6. The Court will not Order the striking of language from the Indictment until it is informed that such a "mutually acceptable stipulation" has been reached by the parties.

### E. Supplemental Suppression Motion

By a supplemental Motion filed on August 1, 2008, Defendant seeks to suppress evidence seized from Defendant's person pursuant to his arrest on January 19, 2007. Supplemental Motion (Dkt. No. 22). Defendant argues that the police did not have an arrest warrant or search warrant and that the Defendant did not consent to the search of his person on that date. Id. The Government responds that a valid arrest warrant existed at the time of Defendant's arrest, as well as probably cause to arrest the Defendant. Govt's Response to Supplemental Motion (Dkt. No. 23). In addition, the Government contends that although a search warrant would be required to

provide law enforcement officers with the authority to enter and arrest a person for whom they have an arrest warrant in another person's home, the legal resident of the apartment where Defendant was found gave the officers consent to conduct a complete search of her premises. Id. Defendant contends, in response, that the consent to search was not a voluntary consent, and thus invalid. Def's Reply to Supplemental Motion (Dkt. No. 24).

Upon review of both parties' filings, the Court finds that the papers reveal genuine issues of fact that are material to the constitutionality of Defendant's arrest and the seizure of evidence during his arrest. Therefore, pursuant to Defendant's request, and with the Government's consent, a pretrial hearing will be held to determine these issues.

Accordingly, it is hereby

**ORDERED**, that a suppression hearing will be held on Wednesday, September 24, 2008 at 10:30 a.m.; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:      September 15, 2008
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge